UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

EARL BROWN,

                Plaintiff,

        - against -

THE CITY OF NEW YORK, NEW YORK
POLICE DEP'T, POLICE OFFICER DENISE
EMMANUEL, POLICE OFFICER LUISE
PADILLA, AND OFFICER JOHN DOE,

                Defendants.

09 Civ. 2337 (RJH)

**MEMORANDUM OPINION AND
ORDER**

Richard J. Holwell, District Judge:

       The plaintiff in this case, Earl Brown ("Brown"), brings this case pursuant to 42 U.S.C. § 1983 against defendants the City of New York ("the City"), the New York Police Department ("the NYPD"), Police Officer Denise Emmanuel ("Emmanuel"), Police Officer Luis Padilla ("Padilla"), and an unknown Officer John Doe.  Defendants New York City and the NYPD move for judgment on the pleadings pursuant to Rule 12(c).  For the reasons discussed below, this motion is granted.  In addition, Brown's claims against the individual defendants are dismissed pursuant to Rule 12(b)(5) for inadequate service of process.

**BACKGROUND**

The following allegations are drawn from the complaint and do not represent findings of fact by the Court.  On July 28, 2007, Brown awoke to the sound of loud banging on his door. (Compl. ¶ 8.)  Brown later called the police and spoke with Officers Emanuel and Padilla.  (*Id*. ¶ 10.)  They informed him that they had been at his home earlier that day, banging on his door. (*Id*.)  Brown responded that they had damaged his door in the process.  (*Id*. ¶ 11.)  Brown left his home and headed for the 47th Precinct Stationhouse in his car in order to file a complaint regarding the property damage.  (*Id*. ¶ 12.)  As Brown was approaching the stationhouse, Emanuel and Padilla pulled Brown over and began to assault him.  (*Id*. ¶ 14.)  They then arrested him without probable cause.  (*Id*. ¶¶ 15-16.)  While in police custody, Brown requested medical attention, and an unknown officer denied him that attention.  (*Id*. ¶¶ 20-21.)

Brown first filed this complaint on March 14, 2009 against New York City, the NYPD, Emmanuel, Padilla and "Officer John Doe."  To date, Brown has not served process on the individual defendants.  Defendants moved for judgment on the pleadings on May 10, 2010. Brown was originally to file his memorandum in opposition by June 10, 2010.  On June 17, 2010, the Court granted a stipulated extension of time for Brown to file his opposition until July 30, 2010.  On July 30, 2010, Brown, through his counsel, sent a letter to the court indicating that a request for a second extension until September 30, 2010 would be forthcoming.  The Court neither received nor granted such a request.  As of the date of filing of this decision, Brown has not filed an opposition to defendants' motion.

**STANDARD OF REVIEW**

Motions for judgment on the pleadings under Rule 12(c) are governed by the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be

2

granted. *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Thus, in order to survive a motion for judgment on the pleadings, a complaint must "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Courts may employ a two-step analysis for evaluating the sufficiency of a complaint. *Id.* at 161 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). First, courts "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950). Next, courts "should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

## DISCUSSION

Title 42, Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" violates the constitutional rights of another may be held liable to the injured party. Cities, unlike states, are considered persons under § 1983 and thus may be held liable. *Vives v. City of New York*, 524 F.3d 346, 350 (2d Cir. 2008). Nonetheless, they may not held liable under the theory of respondeat superior. *Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007). Instead, as the Supreme Court held in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), plaintiffs must demonstrate "failure to train city employees [or] . . . an improper policy, custom or practice." *Amore v. Novarro*, 610 F.3d 155, 160 (2d Cir. 2010).

Here, Brown does not allege sufficient facts that, taken as true, would establish a claim that the City did not train its officers adequately or maintained an improper policy, custom or

practice plausible on its face.  The vast majority of allegations that Brown makes are conclusory

and are not entitled to an assumption of truth.  For example, ¶ 28.d of the complaint alleges:

> "that the defendants, their agents, servants and employees failed to adequately and
> properly hire, retain, train, supervise, discipline, or in any other way control the
> behavior and performance of the defendants, their agents, servants and
> employees; that in their hiring practices in the exercise of their police functions
> and their failure to enforce the laws of the CITY OF NEW YORK AND STATE
> OF NEW YORK is evidence of the reckless lack of cautions regard for the rights
> of the public including plaintiff; in that they exhibited a lack of degree of due care
> which prudent and reasonable individuals would show in executing the duties of
> the defendants . . . ."  *See also* Compl. ¶¶ 28.d-f, h and ¶¶ 32-36.[1]

These allegations are the very sort of "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements" which courts need not accept as true after *Twombly*

and *Iqbal*.  *Iqbal*, 129 S. Ct. at 1949.

Even accepting the remaining claims as true and drawing all reasonable inferences in

Brown's favor, the Court finds that Brown does not allege sufficient facts from which it may

infer that New York City did not train its officers adequately or maintained an improper policy,

custom or practice.  Brown makes factual allegations regarding a single incident he had with the

police.  He does not allege any specific policy that led the officers to take the actions they did or

any specific deficiencies in the officers' training, nor does he allege any facts from which the

court could infer that such a policy or such deficiencies existed.  *See DeCarlo v. Fry*, 141 F.3d

56, 61 (2d Cir. 1998) ("Although this rule does not mean that the plaintiff must show that the

municipality had an explicitly stated rule or regulation, a single incident alleged in a complaint,

especially if it involved only actors below the policy-making level, does not suffice to show a

---

[1] In referencing these particular paragraphs, the Court does not imply that these paragraphs *and
no others* fail under the first step of the *Iqbal* analysis.  Rather, the Court references these
paragraphs because they contain conclusory allegations that could support a claim of *Monell*
liability.

4

municipal policy."). In addition, the claims against the NYPD are not properly brought because the NYPD is not a suable entity. *Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007). Brown has not alleged sufficient facts for his claim to be plausible on its face and, as such, is dismissed pursuant to Rule 12(c).

## CONCLUSION

Defendants' motion for judgment on the pleadings [12] with respect to the claims against New York City and the NYPD is granted without prejudice. Brown may amend his complaint within thirty days. The claims against the remaining defendants are dismissed pursuant to Rule 12(b)(5) for failure to serve process.


SO ORDERED.


Dated: New York, New York

October ___, 2010


Richard J. Holwell

United States District Judge